**NEEPER v. UNITED STATES.***

**DITSCH v. SAME.**

**Nos. 10892, 10893.**

Circuit Court of Appeals, Eighth Circuit.

Nov. 29, 1937.

Rehearing Denied Dec. 17, 1937.

*Writ of certiorari denied 58 S.Ct. 643, 82 L.Ed. ——.

Ludwick Graves and Irvin Fane, both of Kansas City, Mo. (I. J. Ringolsky, William G. Boatright, Harry L. Jacobs, James Daleo, Ringolsky, Boatright & Jacobs, and Johnson, Lucas, Landon, Graves & Fane, all of Kansas City, Mo., on the brief), for appellants.

Richard K. Phelps, Asst. U. S. Atty., of Kansas City., Mo. (Maurice M. Milligan, U. S. Atty., and Randall Wilson, Sam C. Blair, and Thomas A. Costolow, Asst. U. S. Attys., all of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is the fourth of the Kansas City election cases tried and appealed and grows out of the manner in which the general election of November 3, 1936, was conducted in the 26th precinct of the 12th ward in Kansas City, Mo.

The indictment, which charges violations of section 19 of the Criminal Code (title 18 U.S.C. § 51, 18 U.S.C.A. § 51), is in all substantial respects identical in form with those discussed in the other Kansas City election cases, the opinions in which have been filed today. Walker et al. v. United States (C.C.A.) 93 F.2d 383, Nos. 10,863, 10,864; Luteran et al. v. United States (C. C.A.) 93 F.2d 395, Nos. 10,865–10,869; Little et al. v. United States (C.C.A.) 93 F.2d 401, Nos. 10,886–10,889.

The indictment contains two counts. The first count charges a conspiracy to injure and oppress voters of the precinct above referred to with respect to the right, secured to them by the Constitution and laws of the United States, to have the votes cast by them for Presidential Electors correctly counted, recorded, certified, and returned. The second count charges a similar conspiracy to injure and oppress such voters with respect to their right, so secured, to have the votes cast by them for Congressman correctly counted, recorded, certified, and returned.

The defendants in the case at bar were Margaret T. Kelley and Cecelia Ditsch, Democratic judges of election, Maurine Nelson and Beulah Walton, Republican judges of election, Marie Denger, Republican clerk, Olga Kegin, Democratic clerk, and Frank Ditsch and George Neeper, Democratic precinct captains.

All the defendants at first entered pleas of not guilty. At the commencement of the trial, Maurine Nelson and Marie Denger withdrew their pleas of not guilty, and entered pleas of nolo contendere, and testified upon the trial as witnesses for the government. The jury returned a verdict of guilty against the other defendants. The defendants Margaret T. Kelley, Cecelia Ditsch, Beulah Walton, and Olga Kegin were sentenced and placed on probation. The defendants Maurine Nelson and Marie Denger were placed on probation, without sentence. The sentence of each of the defendants Frank Ditsch and George Neeper was that he be confined in the United States penitentiary for a period of three years on each of the two counts of the indictment, the sentences to run concurrently, and that each pay a fine of $100 on each count.

The only defendants who have appealed from the judgments and the sentences imposed upon them are the appellants, Frank Ditsch and George Neeper.

Stated briefly, their contentions are:

1. The indictment charges no offense under the laws of the United States.

2. The character of the charges of the District Court to the grand jury invalidated the indictment.

3. Improper methods were followed in the selection of jurors.

4. Jurors were illegally excluded from the petit jury panel.

5. The evidence is insufficient to sustain the conviction.

6. Certain testimony given by witnesses who were also grand jurors should have been excluded.

7. Witnesses were improperly permitted to testify to admissions of individual defendants, and the court refused to limit such admissions to the defendants who had made them.

8. The pleas of nolo contendere entered by two of the defendants were improperly received in the presence of the jury.

9. Evidence that the defendants had been fingerprinted was improperly received.

10. The court should have required the government to elect upon which of the two counts of the indictment it would go to the jury.

11. The court erred in its instructions to the jury.

By appropriate motions, pleas, and exceptions in the court below, all of these

questions are properly presented for review by this court.

It is doubtful whether there is any substantial question raised by the appellants which has not been covered by the opinions of this court in the other election cases heretofore referred to. In view of the rulings contained in those opinions, none of the contentions made by the appellants require any discussion, except those which challenge the sufficiency of the evidence and some portions of the charge of the court to the jury.

The appellants do not contend that the evidence was insufficient to show that the votes cast were not counted and that the results of the election were falsely certified and returned. Neither do they claim that the evidence was insufficient to justify the jury in inferring that the failure to count the votes and to make an honest return of them was due to the cooperation and concerted action of the defendants. The claim which the appellants make is that the evidence is as consistent with innocence as with guilt because it is consistent with the hypothesis that the defendants' intent was only to cheat the public and certain of the candidates for office, and not to cheat any particular voter. This is the same question which was ruled upon by this court adversely to the defendants in the case of Walker et al. v. United States, Nos. 10,863–10,864.

In view of this situation, no useful purpose could be served by setting forth the evidence in detail. It showed that by concerted action of the defendants there was no count of the ballots in this precinct; that ballots which were Republican ballots when deposited by voters were subsequently, with eraser and pencil, changed to Democratic ballots; that votes were cast for voters who never presented themselves at the polls and for nonexisting voters; that the figures inserted in the tally sheets, namely, 501 votes for the Democratic candidates and 31 votes for the Republican candidates, were inserted by the judges of election at the direction of the appellants and had no relation to any honest count of ballots.

The evidence also showed that the appellants, who had no duties whatever with respect to the conduct of the election in the precinct, were in virtual control of it; that during the course of the day they took the large ballot box in which the political ballots were being deposited away from the judges of election and into the basement of the polling place, a small barber shop at 4804 East Twenty-fourth street, Kansas City, Mo., and there apparently worked their will upon such ballots; and that the other defendants co-operated with them in bringing about the alteration, miscounting, and miscertification of the ballots cast in the precinct. The evidence as to the conduct and conversation of the appellants and of their codefendants while the election was in progress, clearly justified the jury in finding that, by concerted action and agreement, the defendants deliberately and knowingly deprived the voters of the precinct of their right to have their votes honestly counted and returned, and that the defendants intended to do exactly what they succeeded in doing.

We have no doubt of the sufficiency of the evidence to sustain the conviction of the appellants.

With respect to the charge of the court, the appellants criticize the court's definition of "reasonable doubt." We have already held in the case of Little et al. v. United States, Nos. 10,886–10,889, that the use of this definition did not constitute reversible error.

The appellants also complain that the court in its charge referred to certain facts as being undisputed or not controverted. These statements were clearly based upon what the court understood to be the contentions of defendants' counsel in their final arguments to the jury. These arguments are not a part of the record, but the court made it clear that the references to facts as undisputed were based upon such arguments. After referring to these facts, the court said in the charge: "I am seeking to aid you gentlemen in getting down to the point in the case, the point of controversy that you must solve, and these points, I gathered from the argument of counsel, are not in dispute here. If they are you gentlemen of course must not take what I say about it but you must consider all the evidence yourselves." In Horning v. District of Columbia, 254 U.S. 135, 138, 41 S.Ct. 53, 54, 65 L.Ed. 185, the Supreme Court said with reference to a charge to a jury: "If the facts are agreed the judge may state that fact also, and when there is no dispute he may say so although there has been no formal agreement."

It is also claimed that the court erred in the instructions with respect to the deference which a juror might pay to the views of his fellow jurors if he found himself in disagreement with them. The court in ef-

fect told the jury that it was the duty of each juror to listen to the views of other jurors and that he was justified in sacrificing his own views if he became convinced that they were erroneous; but the court also charged the jury as follows: "No juror should assent to a verdict that he does not conscientiously believe a correct one, according to the law and the proof." While one may doubt the necessity or desirability of going into this matter in so much detail as the court did—assuming, of course, that the jurors were persons of character and intelligence—we fail to see how the instructions complained of could have been prejudicial to the appellants.

We find no reversible error in the record so far as the second count of the indictment is concerned.

■ The indictment was invalid as to the first count, but valid as to the second count, under the ruling of this court in Walker et al. v. United States, Nos. 10,863–10,864. The sentences of imprisonment imposed under each count being identical and running concurrently, the only change required because of the invalidity of the first count is with respect to the fine imposed under that count.

The judgments and sentences under count II of the indictment are affirmed. The court below is directed to remit the fines imposed under count I.